■ In the Matter of EVELYN BROWN, Individually and on Behalf of Her Children and Grandchildren, Petitioner, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated December 26, 1974 and made after a fair hearing, which affirmed a determination of the local agency to recoup overpayments from

petitioner's public assistance grant, but which modified the rate of recoupment. Petition dismissed and determination confirmed on the merits, without costs or disbursements. Petitioner requested a hearing when she was notified that her public assistance checks, for her four children and two grandchildren, would be reduced in order to recoup the amount of three duplicate checks which were issued on her verification that she had not received the original checks. The respondent city commissioner's position was that the three original checks had been indorsed and cashed by petitioner and that the signature on each of the original checks was petitioner's. For proof of that fact, he relied on the testimony and written unsworn statement of an investigator of the Reconciliation Unit, Mr. Gerard Ornato. Mr. Ornato described his duties as "the examination, comparison and the identification of signatures, and rendering of opinions regarding their authenticity." He had also received "instruction" from a named "acknowledged handwriting expert" and had on-the-job experience of one and a half years. Petitioner contends that this does not qualify Mr. Ornato as an expert. The substantial evidence question does not turn, however, on whether Mr. Ornato was properly qualified as a handwriting expert. There is other evidence that substantiates the determination. Petitioner—who was not represented by counsel—admitted that one of the indorsements on one check was hers. Her contention that she identified her signature on the identification card and not on the check, or, at the least, that there is an ambiguity, is not supported by the record. Petitioner's *photo* identification card number appeared on the two other original checks. Although petitioner attempted to explain this by saying that her identification card had been stolen, she did not attempt to explain how a card with her photograph could be used by someone else for identification purposes. Thus, even without Ornato's statement, there is substantial evidence to support the determination. Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.