■ In the Matter of NEAL C. CAMI, Petitioner, v ROY A. FLYNT, JR., as Director of the White Plains Parking Authority, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Director of the White Plains Parking Authority, dated March

23, 1978 and made after a hearing, which found petitioner guilty of certain misconduct and dismissed him from his employment. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Petitioner, while on duty as a parking ramp attendant in the employ of respondent parking authority, was observed by Detective Thomas Grady taking what appeared to be policy action and sports bets. Based upon his extensive and detailed personal observations, Detective Grady obtained a search warrant authorizing the search of petitioner's person and locker, and the White Plains Library Garage Office. When that warrant was executed, while petitioner was on duty, petitioner was holding slips of paper, identified as policy slips, in his hands. Further, football betting slips were found in petitioner's desk. Petitioner also made some admissions and additional physical evidence was found in his car. In view of Detective Grady's extensive personal observations outlined in the application for the search warrant, petitioner's claim that the warrant was issued without a proper showing of probable cause must fail. Detective Grady's testimony at the hearing, as well as the evidence seized pursuant to the warrant, constitute substantial evidence that petitioner was indeed guilty of the charges lodged against him (see *Matter of Brown v Lavine,* 56 AD2d 649). Nor do we find the punishment imposed, i.e., dismissal, " ' "shocking to one's sense of fairness". ' " (See *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) Hopkins, J. P., Titone, Margett and Mangano, JJ., concur.